# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No. 13-32834 |
| KATHLEEN LORRAINE PADILLA, | Chapter 7 |
| Debtor. | |

| | |
|---|---|
| MICHAEL J. IANNACONE, | Civil No. 13-2848 (JRT) |
| Appellant, | |
| v. | **MEMORANDUM OPINION AND ORDER REVERSING THE BANKRUPTCY COURT ORDER** |
| KATHLEEN LORRAINE PADILLA, | |
| Appellee. | |

Mary F. Sieling and Michael J. Iannacone, III, **IANNACONE LAW OFFICE, P.L.L.C.**, 8687 Eagle Point Boulevard, Lake Elmo, MN 55042, for appellant.

Michael G. Davey, **DAVEY LAW, LLC**, 821 Raymond Avenue, #260, St. Paul, MN 55114, for appellee.

Appellant Michael J. Iannacone is the trustee of Appellee Kathleen Padilla's bankruptcy estate.  Iannacone appeals from the September 16, 2013 order of United States Bankruptcy Judge Katherine A. Constantine allowing Padilla to claim a 2012 property tax refund as an exemption pursuant to Minn. Stat. § 550.37, subd. 14 as government assistance based on need.  In the alternative, Iannacone brings a motion for remand to the Bankruptcy Court for findings of fact, based on his contention that the

record contains no findings that Padilla received the property tax refund based on need within the meaning of the statute. The Court will reverse the order of the Bankruptcy Court because applicable authority establishes that property tax refunds are not properly claimed as exemptions under Minn. Stat. § 550.37, subd. 14. Because the Court concludes that property tax refunds are not government assistance based on need, it will deny Iannacone's motion for remand as moot.

## BACKGROUND

Appellee Kathleen Padilla filed a Chapter 7 voluntary petition for bankruptcy on June 10, 2013. (Bankr. Transmittal, Ex. 1 ("Petition"), Oct. 16, 2013, Docket No. 5.) On Schedule B, listing her personal property, Padilla included a 2012 Minnesota property tax refund of $2,193 ("the Refund"). (Petition at 9.)[1] Padilla claimed the Refund as exempt property on Schedule C pursuant to Minn. Stat. § 550.37, subd. 14. (*Id.* at 12.)

Iannacone objected to the exemption of the Refund, arguing that the Refund was not "government assistance based on need" as required to be claimed as an exemption pursuant to Minn. Stat. § 550.37, subd. 14. (Bankr. Transmittal, Ex. 2 at 1, 3.) On September 16, 2013, the Bankruptcy Court overruled Iannacone's objection and allowed Padilla to list her 2012 property tax refund as an exemption pursuant to Minn. Stat. § 550.37, subd. 14. (Bankr. Transmittal, Ex. 5.) This appeal followed.

---

[1] References to page numbers refer to the CMECF pagination.

## ANALYSIS

### I. STANDARD OF REVIEW

In bankruptcy proceedings, the Court sits as an appellate court and reviews the Bankruptcy Court's conclusions of law *de novo* and its findings of fact for clear error. *Reynolds v. Pa. Higher Educ. Assistance Agency (In re Reynolds)*, 425 F.3d 526, 531 (8th Cir. 2005). "The allowance or disallowance of a claim of exemption is subject to de novo review." *Drenttel v. Jensen-Carter (In re Drenttel)*, 309 B.R. 320, 322 (B.A.P. 8th Cir. 2004). Questions of statutory interpretation are similarly reviewed *de novo*. *Graven v. Fink (In re Graven)*, 936 F.2d 378, 384-85 (8th Cir. 1991).

### II. EXEMPTIONS UNDER MINN. STAT. § 550.37(14)

If a bankruptcy debtor chooses to claim exemptions under Minnesota law,[2] property that constitutes public assistance is exempt pursuant to Minn. Stat. § 550.37, subd. 14, which provides in relevant part:

> All government assistance based on need, and the earnings or salary of a person who is a recipient of government assistance based on need, shall be exempt from all claims of creditors including any contractual setoff or security interest asserted by a financial institution. For the purposes of this chapter, government assistance based on need includes but is not limited to Minnesota family investment program, general assistance medical care, Supplemental Security Income, medical assistance, MinnesotaCare, payment of Medicare part B premiums or receipt of part D extra help, MFIP diversionary work program, work participation cash benefit, Minnesota supplemental assistance, emergency Minnesota supplemental assistance, general assistance, emergency general assistance, emergency

---

[2] A bankruptcy debtor may also choose to use federal exemptions. *See Martin v. Bucher (In re Martin)*, 297 B.R. 750, 751-52 (B.A.P. 8th Cir. 2003). Here, Padilla elected to use Minnesota exemptions.

>assistance or county crisis funds, energy or fuel assistance, and food support.

Minn. Stat. § 550.37, subd. 14.

In their briefs on appeal, the parties raised various arguments regarding Minnesota cases that have interpreted whether other, non-property tax refund types of government funds fall within the government assistance based on need exception, prior decisions of the Bankruptcy Court holding that property tax refunds are exempt, as well as policy rationale for excluding or including property tax refunds in the property of the bankruptcy estate.  Although Minnesota courts have not addressed the question of whether property tax refunds are exempt as government assistance based on need, after this appeal was fully briefed the United States Bankruptcy Appellate Panel of the Eighth Circuit issued an opinion in *Manty v. Johnson (In re Johnson)*, ___ B.R. ___, 2014 WL 1593082, holding that a property tax refund is not exempt under Minn. Stat. § 550.37, subd. 14.  *Id.* at *1.

In *In re Johnson*, the court began by explaining that there are three ways that an individual may become eligible for a property tax refund under Minnesota law:  (1) if a homeowner's property taxes are in excess of certain percentages of household income and the homeowner's income is $103,729 or less; (2) if a renter's rent exceeds certain percentages of household income and the household income is $56,219 or less; and (3) if a homeowner's property taxes on a homestead increase more than twelve percent over the previous year, which refund is available regardless of the homeowner's income.  *Id.* at *3.  The court found this scheme for property tax refunds to be analogous to tax refunds

attributable to child tax credits, which it had previously held did not constitute public assistance under a Missouri statute "[b]ecause the federal child tax credit was available to people with incomes up to $110,000 for married individuals and $75,000 for unmarried individuals – people who we determined cannot be said to be needy." *Id.* at *3 (citing *Hardy v. Fink (In re Hardy)*, 503 B.R. 722, 725 (B.A.P. 8th Cir. 2013)).

In determining that property tax refunds are not exempt, the court also found it significant that the claimed exemption was a refund, rather than a "direct payment[] or subsid[y]" like the types of government assistance explicitly listed in Minn. Stat. § 550.37, subd. 14, explaining that "here, the property tax refund represents taxes which the Debtor has overpaid. If the Debtor had paid the correct amount, the cash remaining in the Debtor's pocket would not be exempt; likewise for the funds owed to the Debtor by virtue of that overpayment." *Id.* at *4 (internal quotation marks omitted). Finally, the court noted that under Minn. Stat. § 550.37, subd. 14, if a debtor has received "government assistance based on need" her earnings and salary are also exempt "'for a period of six months after the debtor's return to employment . . . and after all public assistance for which eligibility existed has been terminated.'" *Id.* (quoting Minn. Stat. § 550.37, subd. 14). The court explained that if property tax refunds were exempt under subdivision 14 "then any person (regardless of income) who received a property tax refund under the Act is exempt from collection action by that person's creditors for six months. We view this as an absurd and unreasonable result which could not have been intended by the Minnesota legislature." *Id.* Based on this reasoning, the court concluded

"that the property tax refund at issue here is not 'governmental assistance based on need,'" and is therefore not exempt under § 550.37, subd. 14." *Id.*

The Court finds the reasoning of *In re Johnson* persuasive, and will therefore reverse the Bankruptcy Court's order allowing Padilla to exempt her 2012 property tax refund pursuant to Minn. Stat. § 550.37, subd. 14.[3]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The September 16, 2013 order of the Bankruptcy Court [Docket No. 5, Attach. 5] is **REVERSED**.

2. The debtor's exemption of her 2012 property tax refund is not allowed pursuant to Minn. Stat. § 550.37, subd. 14.

3. Trustee's Motion to Remand to Bankruptcy Court [Docket No. 12] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 8, 2014         ____s/ John R. Tunheim____
at Minneapolis, Minnesota.         JOHN R. TUNHEIM
                                   United States District Judge

---

[3] Because the Court concludes that reversal of the Bankruptcy Court is appropriate because property tax refunds do not constitute government assistance based on need as a matter of law, it will deny Iannacone's motion for remand for findings of fact as moot.